Dianna **ROBERTS**, Plaintiff—
Appellant,

v.

**WMC MORTGAGE CORP.; et al.,**
Defendants—Appellees.

No. 04–35523.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2005.*

Filed March 10, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

**576**

Dianna Roberts, Portland, OR, pro se.

Linda Johannsen, Esq., Preston Gates & Ellis, L.L.P., Portland, OR, for Defendants–Appellees.

Before: GRABER and RAWLINSON, Circuit Judges, and OTERO,** District Judge.

MEMORANDUM ***

Dianna Roberts (Roberts) appeals the district court's grant of summary judgment in favor of WMC Mortgage Corp. (WMC), Bank One, N.A. (Bank One), and Fairbanks Capital Corp. (Fairbanks) on her claim for rescission of a deed of trust and promissory note (collectively Deed of Trust) under the Truth In Lending Act (TILA), 15 U.S.C. §§ 1601–1677. In addition, Roberts appeals the district court's denial of her motion to reopen discovery pursuant to Federal Rule of Civil Proce-

** The Honorable S. James Otero, U.S. District Judge for the Central District of California, sitting by designation.

dure 56(f) and the district court's award of costs to WMC Mortgage, Bank One, and Fairbanks Capital.

## I. The District Court's Subject Matter Jurisdiction.

■ Bank One raises the issue of the district court's subject matter jurisdiction over Roberts' TILA rescission claim for the first time on appeal. However, challenges to a federal court's subject matter jurisdiction cannot be waived and may be raised at any time. *See United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). The district court lacked subject matter jurisdiction over Roberts' rescission claim because she failed to deliver a notice of rescission to Bank One, the current beneficiary of her Deed Of Trust, within TILA's three-year limitations period. *See Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1165 (9th Cir.2002). We therefore vacate the district court's grant of summary judgment as to Robert's TILA rescission claim, and remand with instructions to the district court to dismiss this claim for lack of subject matter jurisdiction.

## II. The District Court's Denial Of Additional Discovery.

The district court is entitled to wide latitude in making discovery rulings, and its ruling should not be overturned "in the absence of a clear abuse of discretion." *California ex. rel. California Dep't Of Toxic Substances Control v. Campbell,* 138 F.3d 772, 779 (9th Cir.1998) (citation omitted). In the context of a Rule 56(f) motion, "[w]e will only find that the district court abused its discretion if the movant diligently pursued its *previous* discovery

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment." *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir.1994) (emphasis in original). Roberts failed to make the required showing, and we therefore conclude the district court did not abuse its discretion by denying her Rule 56(f) motion for additional discovery. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir.1996).

### III. The District Court's Award Of Costs.

Roberts alleges that the district court's award of costs to Bank One and WMC was improper because WMC and Bank One filed a Bill of Costs but failed to file a motion. However, under Oregon's local rules, to recover costs other than attorneys fees, the prevailing party is required to file and serve only a Bill of Costs. *See* D. Or. R. 54.1.

Roberts also asserts that the district court's award of costs was improper because WMC and Bank One were not prevailing parties. A party who is dismissed for lack of subject matter jurisdiction is not a prevailing party. *See Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003). However, where multiple claims are asserted and a litigant is successful on some claims, an award of costs need not be apportioned if the claims are so inextricably intertwined that apportionment would be meaningless. *See, e.g. Gracie v. Gracie*, 217 F.3d 1060, 1069–70 (9th Cir.2000). The district court granted summary judgment in favor of WMC and Bank One on the remainder of Roberts' claims,[1] making them prevailing parties. *See Buckhannon*

*Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res.*, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). The record reflects that Roberts' claims were intertwined and that the district court's award of costs was unitary, making apportionment meaningless. *Gracie*, 217 F.3d at 1070.

We VACATE the district court's ruling on Roberts's TILA claim and REMAND with instructions to the district court to dismiss Roberts's rescission claim for lack of subject matter jurisdiction. We AFFIRM the district court's ruling in all other respects. Costs on appeal are awarded to Appellees.

---

1. The district court granted summary judgment in favor of Bank One and WMC on a Fair Debt Collection Practices Act claim. The district court also granted summary judgment in favor of WMC on Unlawful Trade Practices, misrepresentation, unilateral mistake, and fraudulent alteration claims.